

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

April 18, 1967

Hon. Coke R. Stevenson, Jr.          Opinion No. M-61
Administrator
State Liquor Control Board    Re:   Whether the State Build-
Sam Houston State Office Bldg.       ing Commission can enter
Austin, Texas  78711                 into a legally binding
                                     contract with a contractor
                                     for construction of a
                                     collection station, when
                                     construction thereof is
                                     to commence prior to the
                                     construction site being
                                     transferred by Mexico to
                                     the United States under
Dear Mr. Stevenson:                  existing agreements.

        In your recent letter, you informed the Attorney
General's Office that the State Building Commission desires
to enter into a contract prior to the end of the 1966-67 fiscal
year for construction of a collection station for collecting
taxes on liquors imported into this State at the Cordova
Crossing, El Paso, Texas; that the land upon which the collec-
tion station is to be located, although scheduled to be trans-
ferred to the United States on or about September 1, 1967,
under the Chamizal Agreement, is presently within the boundaries
and jurisdiction of Mexico.  Correspondence attached to the
aforementioned letter reflects that the revenue collection
station is to be located on United States Government land under
an agreement between the Texas Liquor Control Board and the
General Services Administration.

        You have requested an opinion as to whether the State
of Texas may enter into a legally binding construction contract
for such collection station before title to said land has actual-
ly vested in the United States.

        The State Building Commission is authorized by the
Constitution, "under such terms and conditions as are now or
may be hereafter provided by law," to "acquire necessary real
and personal property . . . build and equip buildings for State
purposes, and negotiate and make contracts necessary to carry
out and effectuate the purposes herein mentioned."  Article III,
Section 51-b(c), Texas Constitution.

The Legislature, by virtue of similar provisions in Section 3, Article 678m, Vernon's Civil Statutes, conferred express authority on the State Building Commission as follows:

"The Commission shall have the authority to promulgate such rules and regulations as it deems proper for the effective administration of this Act. Under such terms and conditions as may be provided by law, the Commission may acquire necessary real and personal property, . . . build and equip buildings for State purposes, and make contracts necessary to carry out and effectuate the purposes herein mentioned in keeping with appropriations authorized by the Legislature."

In that regard, you also informed us in your aforementioned letter that "the legislature appropriated money for the construction of a collection booth for the collection of taxes on liquors imported into Texas at the Cordova Crossing in El Paso, Texas."

In pertinent part the International Boundary and Water Commission's Minute No. 219, dated July 16, 1965, approved by the United States and Mexican Governments, provides in Resolution No. 6, in part, as follows:

"6. In order that each Government may opportunely construct the new inspection facilities contiguous to the new bridges, the two Governments, as soon as practical conditions may permit, shall mutually make available to each other the lands now in their respective jurisdictions that may be required. For the construction of the new inspection facilities each Government may make use of any competent public or private agencies in accordance with the laws of its country. In executing the construction of new inspection facilities, in the territory under the jurisdiction of the other country, each Government shall observe the laws of that country, with the exemptions and facilities hereinafter stated:

"(a) All materials, implements, equipment and repair parts intended for the construction shall be exempt from taxes relating to imports and exports. For this purpose, each Section of the Commission shall furnish verification certificates covering all materials, implements, equipment and repair parts intended for the construction

of such works.

"(b)  The personnel employed either directly or indirectly on the construction shall be permitted to pass freely from one country to the other for the purpose of going to and from the construction site, without any immigration restrictions, passports, or labor requirements. For this purpose, each Section of the Commission shall furnish adequate means of identification to the personnel employed by its Government on the aforesaid works."

Pursuant to this agreement, the Mexican Government has set aside a certain portion of land at the Cordova Crossing for use by the United States Government in constructing inspection facilities. In turn, the General Services Administration has contracted with the Texas Liquor Control Board to provide a portion of the said land for the construction of a booth for the collection of taxes on liquors imported into Texas at the said Cordova Crossing.  It can thus be seen that the State of Texas is not taking title to the land in question, but is utilizing it under a lease agreement with the United States Government.

Based upon the aforesaid lease agreement with the General Services Administration, it is the opinion of this office that Article 678m, Section 5, provides ample authority for the State Building Commission to enter into a valid contract, prior to September 1, 1967, for the construction of a collection station in the furtherance of valid State objectives, and the time of the passage of title to the U.S. Government has no bearing on the question.

## S U M M A R Y

The State Building Commission can enter into a valid contract, prior to September 1, 1967, for the construction of a collection station for collecting taxes on liquors imported into this State at the Cordova Crossing, El Paso, Texas, although the construction thereof is to commence prior to the construction site being transferred by Mexico to the United States under the Chamizal Agreement.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

- 287 -

Hon. Coke R. Stevenson, Jr., page 4 (M-61)


Prepared by Malcolm L. Quick
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
Arthur Sandlin
John Reeves
Linward Shivers

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.